UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:26-cv-01007-MEMF-MAA                              Date: March 20, 2026

Title    *Eduardo Marquez Ibarra v. Kristi Noem et al*


Present:  The Honorable:    Maame Ewusi-Mensah Frimpong


| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |


**Proceedings:  (IN CHAMBERS) Order GRANTING Petitioner's Ex Parte Application For Temporary Restraining Order and Order to Show Cause [Dkt. No. 2]**


Before this Court is Petitioner Eduardo Marquez Ibarra's Ex Parte Application for Temporary Restraining Order and Order to Show Cause. Dkt. No. 2. For the reasons below, the Application is GRANTED. This Court issues a temporary restraining order and an order to show cause as to why a preliminary injunction should not issue.


**Factual Background[1]**
Petitioner has lived in the United States since approximately 1999. Dkt. No. 1 ¶ 1 ("Petition"). He has no criminal history. *Id.* ¶ 49. He is a member of the Deferred Action for Childhood Arrivals ("DACA") program. *Id.* His DACA renewal application is pending. *Id.*

In January 2026, immigration authorities arrested Petitioner. *Id.* ¶ 46. The Government charges Petitioner with having entered the United States without inspection, in violation of 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* ¶ 3. Petitioner is detained in ICE custody and in removal proceedings. *Id.*

Petitioner contends that DHS has a policy of treating detainees like him—that is, those detained in the United States and charged with entering without inspection—as applicants for U.S. admission. *Id.* ¶¶ 5–6, 8. Based on this policy, DHS justified his detention under § 1225(b)(2)(A) instead of § 1226(a). *Id.* ¶¶ 6–7. Section 1225(b)(2)(A) states that an applicant for admission must be detained ahead of their removal proceedings. *Id.* But Section 1226(a) applies to detainees like Petitioner, who are present in the United States, and allows for the possibility of release on bond. *Id.* ¶ 7. So an immigration judge ruled that, under § 1225(b)(2), Petitioner was subject to mandatory detention, and Petitioner was denied bond. *Id.* ¶ 5.

---

[1] The factual background discussed herein is derived from Petitioner's Writ of Habeas Corpus. Dkt. No. 1. This is intended only as background. This Order makes no finding as to the truth of Petitioner's allegations.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-01007-MEMF-MAA                              Date: March 20, 2026

Title      *Eduardo Marquez Ibarra v. Kristi Noem et al*

**Procedural Background**

On March 3, 2026, Petitioner filed his Petition for Writ of Habeas Corpus. *See* Petition. It states three claims, all based upon the unlawful denial of a bond hearing: (1) violation of 8 U.S.C. § 1226(a), (2) violation of the Administrative Procedure Act, and (3) violation of due process under the Fifth and Fourteenth Amendments. *See id.*

On the same day, Petitioner filed the instant Application. Dkt. No. 2. This Court issued an order maintaining its jurisdiction by preventing Petitioner's transfer outside of this District, Dkt. No. 7, and set a briefing schedule, Dkt. No. 6.

Respondents filed an Opposition. Dkt. No. 10 ("Opp."). But Petitioner did not file a Reply or ask for an extension. So the Application is fully briefed. The Court determined this matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

**Discussion**

*Petitioner is entitled to a bond hearing.*

The parties appear to agree that Petitioner is entitled to a bond hearing. Respondents concede Petitioner's membership in the Bond Eligible Class in *Bautista v. Santacruz*. Opp. at 2. Consistent with the final judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing.  *See Bautista v. Santacruz*, No. 25-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Indeed, Respondents effectively admit that Petitioner has been held without an individualized bond hearing—to which Petitioner is entitled—since his detention in January.

Respondents' Opposition does not address the *Winter* factors governing preliminary injunctive relief, so Respondents have arguably conceded that the factors weigh in favor of Petitioner. And, in any event, this Court understands Respondents' concession—that Petitioner is a Bond Eligible Class member and is therefore entitled to a bond hearing—to suggest that Petitioner will likely prevail on his claims.[2]

---

[2] Even if Respondents had contested the other *Winter* factors, this Court would find that they weigh in favor of granting Petitioner's request for injunctive relief.

As to the second factor, Petitioner has "established a likelihood of irreparable harm by virtue of the fact that [he is] likely to be unconstitutionally detained for an indeterminate period of time." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:26-cv-01007-MEMF-MAA                              Date: March 20, 2026

Title    *Eduardo Marquez Ibarra v. Kristi Noem et al*


*Release from detention is the appropriate relief.*
Respondents filed their Opposition on March 6, 2026. *See* Opp. It appears, therefore, that the Government has been aware since at least that date that Petitioner is entitled to an individualized bond hearing, yet has failed to provide one.

Respondents' sole argument in Opposition is that, at most, this Court should order Respondents to give Petitioner the bond hearing to which he is entitled—but not release him. *See* Opp. at 2. This Court is unconvinced. To the contrary, a release order is clearly the appropriate relief.

First, Petitioner's prompt release is the remedy that will best return Petitioner to the status quo as it was prior to his detention. The purpose of a temporary restraining order is "to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." 11A Wright & Miller's Federal Practice & Procedure § 2951 (3d ed.). Though the Ninth Circuit has not opined on the matter of scope of preliminary relief in this specific context, other courts in this Circuit have taken a similar approach. *See, e.g.*, *F.M.V. v. Wofford*, No. 25-1381, 2025 WL 3083934, at *7 (E.D. Cal. Nov. 4, 2025) (collecting cases).

Second, in any event, this Court's Orders *infra* allow the Government to remedy the procedural deficiency at issue. This Court's resolution of this Application—to order Respondents to release Petitioner from custody and not redetain him absent compliance with his due process rights or compliance with the *Bautista* holding—in effect permits the Government to follow the appropriate steps to reattempt Petitioner's detention.

For these reasons, this Court will order Respondents—if they have not already given Petitioner a bond hearing—to release him.

**Conclusion**

This Court orders as follows.

1. Within forty-eight hours, Respondents are ordered to <u>either</u>:
   a. file a status report, accompanied by a sworn declaration, confirming that Petitioner received an individualized bond hearing prior to this Order, <u>or</u>

---

And the third and fourth factors "merge" when the nonmovant is a governmental entity. *Nken v. Holder*, 556 U.S. 418, 435 (2009). The Government "cannot reasonably assert that it is harmed in any legally cognizable sense" by being compelled to follow the law. *Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). And "[p]ublic interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-01007-MEMF-MAA                          Date: March 20, 2026

Title    *Eduardo Marquez Ibarra v. Kristi Noem et al*


      b.  release Petitioner from custody and return to him his personal,[3] and refrain from redetaining him absent compliance with his rights as a member of the *Bautista* Bond Eligible Class.

2. Respondents shall not impose any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing;[4]

3. Respondents are enjoined from relocating Petitioner outside of the Central District of California pending final resolution of this matter.

4. This Court orders Respondents to show cause in writing as to why a preliminary injunction should not issue.

      a.  Respondents' brief is due on Wednesday, March 25, 2026. Petitioner may file a response brief by Friday, March 27, 2026.

      b.  The parties may stipulate to a different briefing schedule via joint stipulation due on Wednesday, March 25, 2026. Should the parties wish to extend either briefing deadline, the parties should also stipulate that this temporary restraining order may remain in effect (without converting to a preliminary injunction) through this Court's decision on the preliminary injunction.

5. The parties must file a joint status report regarding Respondents' compliance with this Order by Wednesday, March 25, 2026.


IT IS SO ORDERED.

 

                                                  :

**Initials of Preparer**      DBE

---

[3] This Court understands, based on Respondents' representations from hearings in similar immigration habeas cases, that Respondents believe that forty-eight hours is a reasonable amount of time to effectuate release.

[4] Restraints not shared by members of the public render an individual in custody within the meaning of 28 U.S.C. § 2241. *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (holding that a person is in custody if the person "is subject to restraints 'not shared by the public generally'" and the person's "freedom of movement rests in the hands of state judicial officers"); *Jones v. Cunningham*, 371 U.S. 236, 238–39 (1963) ("[The] chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail. Yet English courts have long recognized the writ as a proper remedy even though the restraint is something less than close physical confinement . . . ."). So release restrictions, such as electronic monitoring, constitute liberty constraints that do not afford Petitioner complete relief.

---